**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| _____ | : | |
| WILLIAM KEITH LANEGAN, individually | : | |
| and/or in his capacity as Administrator | : | |
| and/or Executor of the Estate of Roger Ray | : | |
| Lanegan, | : | C.A. No. 5:16-cv-01706-JLS |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| UNUM LIFE INSURANCE COMPANY OF | : | |
| AMERICA, et al, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, it is hereby ORDERED and DECREED that Defendant Unum is to refrain from making any further distribution from the ERISA plan of the Estate of Roger Ray Lanegan to Aaron Lanegan, or any other person, until settlement, disposition of any future Rule 56 motion, or trial.

BY THE COURT:

_____
                                            J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| WILLIAM KEITH LANEGAN, individually and/or in his capacity as Administrator and/or Executor of the Estate of Roger Ray Lanegan, | : : : : : C.A. No. 5:16-cv-01706-JLS |
| Plaintiff | : : |
| v. | : : |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, et al, | : : : |
| Defendants | : : |

**PLAINTIFF'S EMERGENCY MOTION**
**FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff, in his capacity as Administrator and/or Executor of the Estate of Roger Ray Lanegan, and by and through his undersigned counsel, respectfully moves this Honorable Court for a Temporary Restraining Order and Preliminary Injunction against Defendant Unum.

1.      In support of this Motion, Plaintiff incorporates the Complaint, and all of his filed responses to the Defendants' Motions to Dismiss and/or for Summary Judgment, as though fully set forth herein at length.

2.      As more fully set forth in the foregoing documents, in one month's time, Defendant Unum is about to make a distribution, from the ERISA plan at issue in the above captioned matter, to Aaron Lanegan, upon his 18th birthday on December 31, 2016.

3.      As more fully set forth in the foregoing documents, that pending distribution to Aaron Lanegan is due to the fraudulent activity of Defendant Ruth Freeman, who altered the designated beneficiary of the ERISA plan at issue on January 20, 2005, *__five days after__* the death of the plan participant on January 15, 2005.

4.      As more fully set forth in the foregoing documents and as the docket and the filings in this matter demonstrate, no party to this litigation contests that Defendant Ruth Freeman fraudulently altered the designated beneficiary on January 20, 2005, removing the Plaintiff herein and fraudulently swapping, instead, Aaron Lanegan and Sean Lanegan (the sons of Plaintiff and his ex-wife, Defendant Ruth Freeman) as beneficiaries under the ERISA plan at issue.

5. As more fully set forth in the foregoing documents, Defendant Unum already wrongfully distributed benefits to Sean Lanegan on March 23, 2015, in an amount as yet to be determined, as discovery has yet to be permitted in this litigation.

6. The Estate of Roger Ray Lanegan, via Plaintiff herein, therefore filed suit on April 11, 2016, to seek *inter alia* clarification from this Court about the illegality of the both the distribution to Sean Lanegan on March 23, 2015,  and the pending distribution to Aaron Lanegan, on December 31, 2016.

7. Given A) the uncontested facts surrounding the execution of Defendant Ruth Freeman's fraud, as aforementioned, B) the fact that Defendant Unum made a distribution to Sean Lanegan on or about March 23, 2015, pursuant to that fraud, and C) the fact that Defendant Unum will make another fraudulent distribution to Aaron Lanegan on or about December 31, 2016, the Plaintiff has established a reasonable probability of success on the merits of the Estate's claims, as a plan participant, and the need for injunctive relief to protect against the infliction of irreparable harm.

8. The rights of the Plaintiff with respect to the Estate's ERISA plan with Defendant Unum have already been violated in March 2015 and will be violated again this December, which justify that Defendant Unum be preliminarily enjoined and restrained from allowing certain fraudulent activities to continue and be consummated.

9. The Estate will suffer irreparable harm and loss, and this Court will allow a federal crime to be consummated, if the distribution to Aaron Lanegan is allowed to take place in December 2016.

10. Absent temporary and injunctive relief, the Estate will be irreparably harmed by yet another fraudulent distribution of its ERISA plan assets, in violation of Title 29, the federal criminal statutes, and its rights as a plan participant to ensure that the distributions are made in accordance with the decedent's wishes as of the date of his death, January 15, 2005, and not pursuant to the fraudulent wishes of Defendant Ruth Freeman, swapped in five days later, on January 20, 2005.

11. Given the pending fraudulent distribution to Aaron Lanegan in one month's time, Plaintiff has no adequate remedy at law to stop the same in a timely fashion.

12. Greater injury will be inflicted upon the Plaintiff by the denial of temporary injunctive relief than would be inflicted upon Defendant Unum by the granting of such relief.

13. The balance of the equities tip decidedly in favor of the issuance of injunctive relief, which will serve the public interest in the protection of an ERISA plan participant's designation of beneficiaries, and thwart the fraudulent alteration thereof and distribution therefrom.

14.     Accordingly, as set forth in the proposed Order, Plaintiff respectfully requests that a Temporary Restraining Order be immediately issued, freezing any further distributions until settlement, disposition of any future Rule 56 motion, or trial.

15.     Plaintiff further requests permission to immediate take discovery of Defendants and certain third parties with knowledge of the facts relevant to Plaintiff's Motion for a Preliminary Injunction.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

J. CONOR CORCORAN
Attorney for Plaintiff

Dated:  November 30, 2016

## CERTIFICATE OF SERVICE

I, J. Conor Corcoran, Esquire, hereby certify that on this 30th day of November, 2016, I caused a true and correct copy of the foregoing Motion for Temporary Restraining Order and Preliminary Injunction, and Memorandum of Law in Support thereof, to be served upon all parties via ECF filing and email.

Respectfully Submitted,

LAW OFFICE OF J. CONOR CORCORAN, P.C.

J. CONOR CORCORAN
Attorney for Plaintiff

Dated:  November 30, 2016