IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM KEITH LANEGAN, individually and/or in his capacity as ADMINISTRATOR and/or EXECUTOR of the ESTATE OF ROGER RAY LANEGAN, | CIVIL ACTION<br><br>NO. 16-1706 |
| Plaintiff, | |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, a/k/a UNUM GROUP, a/k/a UNUM PROVIDENT, et al, | |
| Defendants. | |

## ORDER

**AND NOW**, this 19th day of December, 2016, upon review of Plaintiff's

Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Docket

No. 39), as well as Defendants' opposition thereto, and after a telephone conference held

with all counsel on December 7, 2016, it is hereby **ORDERED** Plaintiff's Motion for

Temporary Restraining Order and Preliminary Injunction is **DENIED**.[1]

---

[1] It is undisputed that "a party seeking a preliminary injunction must satisfy the traditional four-factor test: (1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief." Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010). Plaintiff must "establish every element in [his] favor, or the grant of a preliminary injunction is inappropriate." P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC, 428 F.3d 504, 508 (3d Cir. 2005). Preliminary injunctions are reserved for "extraordinary situations" where the moving party "specifically and personally risks irreparable harm." Adams v. Freedom Forge Corp., 204 F.3d 475, 487-88 (3d Cir. 2000).

In the instant matter, Plaintiff cannot prove irreparable harm. Therefore, his request for a preliminary injunction must be denied. An injunction cannot be issued "where the claimed injury constituted a loss of money, a loss capable of recoupment in a proper action at law." Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP, 528 F.3d 176, 178-79 (3d Cir. 2008) (quoting In re Arthur Treacher's Franchisee Litig., 689 F.2d 1137, 1145 (3d Cir. 1982). In the instant matter, Plaintiff is seeking payment of his late father's life insurance benefits, requesting an "amount in excess of $150,000.00." Since he is seeking money damages, his alleged harm in this matter is not irreparable. If this Court would find in favor of Plaintiff at some later point in this litigation, Plaintiff would be able to recover damages even if Unum pays the benefits in question to his son when he turns 18. As there is no irreparable harm, Plaintiff is not entitled to an injunction.

**BY THE COURT:**


**/s/ Jeffrey L. Schmehl**
**Jeffrey L. Schmehl, J.**

---

Further, Plaintiff cannot show a likelihood of success on the merits. To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. *See* Punnett v. Carter, 621 F.2d 578, 582–83 (3d Cir.1980). This requires examination of the legal principles controlling the claim and potential defenses available to the opposing party. *See* BP Chems, Ltd v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

In the instant matter, Plaintiff claims that Defendant Unum incorrectly relied on a beneficiary designation form, fraudulently created by his ex-wife Defendant Freeman, naming his two sons as beneficiaries of his late father's life insurance policies. It is undisputed that Plaintiff's father, Roger Lanegan, passed away in January of 2005 and Plaintiff received a letter in February of 2005 that his son was a beneficiary under the policy, yet Plaintiff did not file the instant suit until April of 2016. Later, Plaintiff questioned the award of benefits to his sons in September of 2009 and was informed at that time that Unum had paid the benefits according to an online beneficiary designation form from Plaintiff's father's employer dated January 20, 2005. Despite being told in 2009 that he was not the beneficiary, Plaintiff still did not file suit.

Under Third Circuit law, the statute of limitations for benefit claims under ERISA begins to run when plaintiff's claim accrues. Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520 (3d Cir. 2007). An ERISA claim accrues, and the statute of limitations starts to run, as soon as a "clear repudiation" of the claim is communicated to the beneficiary. Id. at 521. Based only on Plaintiff's Complaint, it is apparent there was a "clear repudiation" of his claim to benefits on at least two occasions: First, in 2005 when Plaintiff's father passed away and Plaintiff did not receive any benefits, yet received a letter saying that his son was a policy beneficiary. Second, in September of 2009 when Plaintiff received an email from Unum confirming that the claim had been processed and paid according to the January 2005 beneficiary designation. As the statute of limitations for an ERISA action such as this one is four years in Pennsylvania, *see* Christian v. Honeywell Retirement Benefit Plan, 582 Fed. Appx. 103, 104 (3d Cir. 2014), Plaintiff most likely needed to file the instant action by 2009. Even if we consider the 2009 email from Unum as the first clear repudiation, Plaintiff needed to file the action by 2013 and Plaintiff did not file this action until April of 2016. The court must conclude that Plaintiff has failed to establish a likelihood that his claim can survive a statute of limitations defense.

2